**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Siegel, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Dignity Health, <br><br> Defendant. | No. CV-14-02561-PHX-SPL <br><br> **ORDER** |

Before the Court are Plaintiffs' Motion to Vacate Sanctions Order (Doc. 172) and Plaintiffs' Response and Objections to Defendant's Declaration of Attorneys' Fees and Costs (Doc. 187).

On January 28, 2020—one week before the start of trial in this case—Defendant motioned the Court for sanctions against Plaintiffs and their counsel due to their behavior throughout this litigation. (Doc. 136) Among other things, Defendant stated that Plaintiffs and their counsel had repeatedly failed to abide by the Court's order to: 1) exchange outlines for their opening statements so that the parties could ensure that neither side would run afoul of the Court's motion in limine rulings; 2) stipulate to exhibits and deposition testimony for use at trial; and 3) serve subpoenas for Plaintiffs' potential witnesses to be called at trial. (Doc. 136 at 7) More egregiously, Defendant asserted that Plaintiffs and their counsel had falsely represented the history of the parties' settlement negotiations to the media—which resulted in a story about the case being published in the local newspaper. (Doc. 136 at 7-9) On January 31, 2020, the Court held a hearing and found that sanctions

were appropriate as to Plaintiffs' counsel Elizabeth Tate. (Doc. 145) The Court then Ordered Defendant to submit a declaration of costs and attorneys' fees associated with the filing of the motion for sanctions. (Doc. 145) On February 3, 2020, Defendant submitted the declaration. (Doc. 146) On February 13, 2020, during trial, Ms. Tate filed the Motion to Vacate Sanctions Order. (Doc. 172) The parties presented oral arguments on the Motion the next day. (Doc. 175)

Ms. Tate argued that there was no factual or legal basis for the Court to impose the sanctions, and that the Court should vacate the sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 54(b). (Doc. 172 at 3-8) Specifically, Ms. Tate argued that, although the Court has the inherent power to impose sanctions, the Court was required to make an explicit finding of bad faith prior to sanctioning her. (Doc. 172 at 3-8)

In response, Defendant presented oral argument that the Motion was effectively a motion for reconsideration of the Court's prior order imposing sanctions, and Ms. Tate failed to meet the legal standard for a motion for reconsideration. Additionally, Defendant argued that Ms. Tate was repeatedly warned throughout the case that she had a responsibility to learn the Federal Rules of Civil Procedure, the District of Arizona's Local Rules, and the procedural requirements outlined in this Court's Orders. Defendant asserted that the repeated violation of those rules and Orders amounted to a deliberate decision by Ms. Tate to fail to meet the standards necessary to appear in federal court. Furthermore, Defendant argued that all of Ms. Tate's conduct throughout the case should be considered as tantamount to bad faith, and therefore, the Court had sufficient cause to order sanctions against her. After the trial, Ms. Tate filed the Plaintiffs' Response and Objections to Defendant's Declaration of Attorneys' Fees and Costs. (Doc. 187)

Here, the Defendant requested sanctions pursuant to 28 U.S.C. § 1927, not the Court's inherent sanctioning power, so the legal standard that Ms. Tate relies on is improper. (Docs. 136 at 1; 172) The statute states that an attorney who causes the proceedings in a case to be multiplied "unreasonably and vexatiously" may be required to pay the excessive costs incurred because of such conduct. 28 U.S.C. § 1927. The Court

finds that it was within its discretion to sanction Ms. Tate under 28 U.S.C. § 1927 due to the behavior alleged in Defendant's motion and in the arguments made before the Court. Therefore, the Court will not vacate the ruling. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (explaining that a district court is not required to make an explicit finding of bad faith under 28 U.S.C. § 1927 when the record supports a finding that an attorney's conduct amounted to "knowing or reckless" conduct); *see also Baldwin Hardware Corp. v. FrankSu Enterprise Corp.*, 78 F.3d 550, 562 (9th Cir. 1996) (stating that although the court did not use the words "bad faith" in imposing sanctions under 28 U.S.C. § 1927, the record supported a finding that the court deemed the attorney's actions to be at least reckless).

As it relates to the declaration submitted by Defendant's counsel (Doc. 146) and Ms. Tate's objection (Doc.187), the Court has reviewed the costs and attorneys' fees submitted by Defendant. The Court finds that a reduced award of $2,166 for travel costs and $6,648.75 for attorneys' fees is reasonable. *See Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) (listing factors to consider in an award of attorneys' fees), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Vacate Sanctions Order (Doc. 172) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Response and Objections to Defendant's Declaration of Attorneys' Fees and Costs (Doc. 187) is **sustained in part**. Plaintiffs' counsel Elizabeth Tate is sanctioned in the amount of **$8,814.75**, representing the reasonable costs and attorneys' fees incurred by Defendant when filing its Motion for Sanctions (Doc. 136).

Dated this 19th day of February, 2020.

Honorable Steven P. Logan
United States District Judge