**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Siegel, et al., | No. CV-14-02561-PHX-SPL |
| Plaintiffs, | |
| v. | **ORDER** |
| Dignity Health, | |
| Defendant. | |

Before the Court are the parties' briefs addressing legal fees as damages (Docs. 204, 205), Plaintiff's Motion for New Trial (Doc. 205), and Defendant's Motion to Strike (Doc. 208).

**I. BACKGROUND**[1]

Mitchell and Dawn Siegel ("Plaintiffs") are hearing impaired. Plaintiffs filed this case against Dignity Health ("Defendant"), alleging violations under Title III of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Arizonans with Disabilities Act. (Doc. 24) In April of 2014, Mrs. Siegel was admitted to Defendant's hospital in Chandler due to stomach pains. (Doc. 24) Plaintiffs alleged that they were denied requests for an in-person sign language interpreter and had to communicate through handwritten notes and a malfunctioning Video Relay Interpreter System ("VRI"). (Doc. 24) Plaintiffs alleged the VRI and notes were inadequate in helping them understand the

---

[1] This case began in 2014 and has an extensive factual and procedural history. For purposes of this Order, the background facts are limited to the issues arising from the trial.

nature of Mrs. Siegel's medical condition, the surgery that was performed in April of 2014, or the instructions for follow-up care after the surgery. (Doc. 24) Trial began on February 4, 2020. (Doc. 147) After deliberation, the jury returned a verdict in favor of Plaintiffs. (Doc. 183) To assess the determination of damages, the verdict form stated: "What are Dawn Siegel's damages, if any?" (Doc. 183 at 3) The verdict form then prompted the jury to fill in a dollar amount. (Doc. 183 at 3) The verdict form posed the same question for Mitchell Siegel. (Doc. 183 at 5) In response to both questions, the jury wrote "Legal Fees." (Doc. 183 at 3, 5) After discharging the jury, the Court requested briefing from both parties as to the legality of the damage award. (Doc. 175) The memoranda were due by 5:00 p.m. on March 2, 2020. (Doc. 175) Both parties timely submitted the memoranda. (Docs. 204, 205) In addition, Plaintiffs motioned for a new trial under Federal Rule of Civil Procedure ("Rule") 49(b)(3)(C) and Rule 59(a)(1)(A).

**II. DISCUSSION**

    A.    Damage Award

As an initial matter, Defendant moves to strike Plaintiffs' Supplemental Citations of Authority (Doc. 206) and Response to Defendant's Brief (Doc. 207), arguing that the filings are untimely and improper. (Doc. 208 at 2) Defendant correctly points out that this Court gave the parties until 5:00 p.m. on Monday, March 2, 2020 to submit any and all memorandum of law regarding the award of attorney's fees as damages. (Docs. 175; 208 at 1) The Court did not request any response or reply briefing from the parties. The Court finds that Plaintiffs' Supplemental Citations of Authority (Doc. 206) and Response to Defendant's Brief (Doc. 207) were submitted after the deadline and without request by the Court. Therefore, the Court will strike the filings from the record.

As to the damage award, Defendant argues that, under the statutes at issue in this case, attorney's fees cannot be recovered as damages. (Doc. 204 at 1) Plaintiffs concede that attorney's fees are not a proper damage award in this case but request that the Court grant a new trial for a correct determination of damages (as discussed below). (Doc. 205 at 3-7)

The Court finds that the damages awarded by the jury cannot be recovered as a matter of law. *See* 42 U.S.C. § 12205. However, Plaintiffs, as the prevailing party, may still obtain their reasonable attorney's fees and costs by submitting a motion for fees and costs within fourteen days of the date of this Order pursuant to Local Rule 54.2.

B. Motion for New Trial

Pursuant to Rules 49(b)(3)(C) and 59(a)(1)(A), Plaintiffs argue that a new trial is necessary in this case. (Doc. 205 at 1) Plaintiffs argue that the jury returned an inconsistent special verdict at trial and the only way to remedy the inconsistency is to hold a new trial. (Doc. 205 at 4) Specifically, Plaintiffs focus on the jury's finding that maintaining an onsite certified deaf interpreter twenty-four hours a day would be an undue burden to Defendant. (Doc. 205 at 5) Plaintiffs assert that this finding was inconsistent with the jury's finding that the aids and services provided to Plaintiffs were ineffective. (Doc. 205 at 5-6) In addition, Plaintiffs assert that Defendant did not introduce any evidence at trial that would support the jury's finding of an undue burden and the damages award was incomplete. (Doc. 205 at 6)

1. Rule 49

First, Plaintiffs repeatedly argue that the verdict form used at trial was a "special verdict" form. (Doc. 205) However, Plaintiffs move for a new trial pursuant to Rule 49(b)(3)(C). Rule 49(b) governs "general verdict" forms, not the special verdict form used in this case. Therefore, the Court will deny Plaintiffs' request for a new trial based on Rule 49(b)(3)(C).

Even if Plaintiffs had correctly moved for a new trial based on the special verdict form, their arguments are still unavailing. The Court finds that the jury's answers were consistent in light of the jury instructions given at trial and in the context of the entire special verdict form. *See Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991). Here, the jury found that maintaining an onsite certified deaf interpreter *twenty-four hours a day* would be an undue burden to Defendant. The jury was not asked, and therefore did not consider, whether Defendant having access to an in-person interpreter in a different

capacity (for example, on an as-needed basis) constituted an undue burden for Defendant. Although given the opportunity, Plaintiffs did not object to the narrowly tailored undue burden question before it was submitted to the jury, and Plaintiffs did not request that any additional undue burden question be added to the verdict form. (Doc. 199 at 72) Ultimately, though, that question did not affect the outcome of the rest of the answers, which undoubtedly identified Defendant as liable under the Rehabilitation Act.[2] This included a finding of deliberate indifference.[3] Accordingly, the Court will deny Plaintiffs' request for a new trial based on an inconsistent special verdict form.

## 2. Rule 59

Alternatively, Plaintiffs argue that a new trial is warranted under Rule 59(a)(1)(A). Specifically, Plaintiffs assert that: (1) Defendant did not present any evidence to support the jury's finding that providing an onsite certified deaf interpreter twenty-four hours a day would be an undue burden to Defendant; and (2) the jury was confused by the damages instruction and intended for the Plaintiffs to get some kind of monetary relief. (Doc. 205 at 5-7)

Rule 59 provides an alternative avenue for a party to request a new trial. "Rule 59 does not specify the grounds on which a motion for a new trial may be granted;" thus, courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of

---

[2] Of the three causes of action, only the Rehabilitation Act allowed for an award of monetary damages. *See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) ("Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief."); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (explaining that compensatory damages may be awarded under the Rehabilitation Act upon a showing of "deliberate indifference"); *Muhaymin v. City of Phoenix*, No. CV-17-04565-PHX-SMB, 2019 WL 699170, at *8 & n.6 (explaining that claims under the ADA and Arizona Civil Rights Act (including the Arizonans with Disabilities Act) are analyzed under the same standard).

[3] When asked whether Defendant would have provided an alternative appropriate auxiliary aid if it had known that the auxiliary aid provided to Plaintiffs were ineffective, the jury concluded "no." (Doc. 183 at 3)

justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (citation omitted). In deciding a Rule 59(a) motion, a court can weigh the evidence and assess the credibility of witnesses and need not view the evidence from the perspective most favorable to the prevailing party. *Id.* A district court may properly deny a Rule 59(a) motion as long as the denial is premised on some "reasonable basis" for the jury's verdict. *Id.*

At trial, Plaintiffs called as a witness the Corporate Responsibility Officer at Defendant's hospital. (Doc. 198 at 39-40) On cross-examination by Defendant, the witness stated that the hospital did not employ onsite interpreters at the time of Plaintiffs' visit in 2014 because of a shortage in qualified interpreters. (Doc. 198 at 72-74) The witness explained that the interpreters worked as independent contractors and, at that time, there was a scarcity issue in finding interpreters that met all of the hospital's federally required hiring criteria. (Doc. 198 at 72-74) The Court finds that, based on this testimony, the jury's verdict was not contrary to the clear weight of the evidence.

Additionally, Plaintiffs' assertion that the jury intended to award some monetary relief but were confused by the damages instruction is also unpersuasive. (Doc. 205 at 6) At trial, Plaintiffs presented no evidence of any monetary damages, and Plaintiffs never objected to the damages question on the verdict form before it was presented to the jury. (Docs. 199 at 72; 201 at 18) Plaintiffs offer no other reason why vacating the improper damage award but upholding the verdict would be "a miscarriage of justice." *See Philippine Nat. Oil Co. v. Garrett Corp.*, 724 F. 2d 803, 806 (9th Cir. 1984) ("[F]ailure to award damages does not by itself render a verdict invalid," particularly when the evidence about the damages is unclear.). Accordingly,

**IT IS ORDERED** that the jury's award of damages in the amount of attorney's fees is **vacated** as a matter of law.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 208) is **granted**. Plaintiffs' Supplemental Citations of Authority (Doc. 206) and Response to Defendant's Brief (Doc. 207) shall be stricken from the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for New Trial (Doc. 205) is

**denied**.

**IT IS FURTHER ORDERED** that Plaintiffs, as the prevailing party, may submit a motion for attorney's fees and costs within **fourteen (14) days** of the date of this Order pursuant to Local Rule 54.2.

**IT IS FURTHER ORDERED** that the Clerk's Office shall enter judgment accordingly.

Dated this 10th day of March, 2020.

Honorable Steven P. Logan
United States District Judge