**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Siegel, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Dignity Health, <br><br> Defendant. | No. CV-14-02561-PHX-SPL <br><br> **ORDER** |

Before the Court is Defendant Dignity Health's Notice of Motion and Motion for Appeal Bond. (Doc. 233) Defendant has appealed its case to the Ninth Circuit and asks the Court to approve the appeal bond to be posted in the amount of $179,000. The Motion is fully briefed and ready for review. (Docs. 234, 235)

**I.    BACKGROUND**

Plaintiffs Mitchell Siegel and his wife Dawn Siegel prevailed at the jury trial, but the jury declined to award damages, instead writing only "Legal Fees" in the damages section of the verdict form. (Doc. 227 at 2) The Court vacated the award and granted Plaintiffs permission to file a motion for fees. (Doc. 277 at 2) The Court later granted as modified Plaintiffs Motion for Attorneys' Fees against Defendant in the amount of $175,933.42. (Doc. 227 at 8) Plaintiffs did not seek costs. Plaintiffs appealed on another issue. Defendant cross-appealed, disputing the validity of the award for various reasons. *Siegal et al. v. Dignity Health*, No. 20-16333 (9th Cir. filed July 8, 2020). Defendant seeks to post a bond in the amount of judgment against it to stay execution of the judgment

pending the appeal. (Doc. 233 at 1)

## II.    LEGAL STANDARD

The general rule is that a party may seek to enforce a judgment 30 days after it has been entered. *See* Fed. R. Civ. P. 62(a). However, Rule 62(b) provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). "District courts have inherent discretionary authority in setting supersedeas bonds; review is for abuse of discretion." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

## III.    DISCUSSION

Defendant moves to set the bond at $179,000, taking into account two years' worth of interest on the award of fees and rounding up an additional $885 for the purposes of providing for appellate costs.[1] (Docs. 233-3 at 2–3, 235 at 1–2) Plaintiffs ask the Court to set the bond instead somewhere between $220,000 and $264,000. (Doc. 234) Plaintiffs allege that Defendant did not account for appellate costs, interest on the costs, and "an amount to compensate the Siegels for the delay in being able to collect their attorneys' fees from the Defendant." (Doc. 234 at 2) Plaintiffs suggest it would be proper to multiply the fee award by 1.25 or 1.5 to arrive at a suitable bond amount. (Doc. 234 at 3) Plaintiffs have not established that such an increase is necessary, failing to explain why they should be compensated for a delay, especially when their original motion for fees shows their attorneys were hired on a contingency basis. (Doc. 220 at 4) Furthermore, appellate costs are accounted for in Defendant's calculation. Defendant also points out interest on costs is awarded on the costs from the underlying judgment, not on the costs from the appeal. 28 U.S.C. § 1961(a). (Doc. 235 at 2) Here, there were no costs requested or awarded in the underlying judgment.

---

[1] Defendant showed calculations of interest based on a .62% rate per week over two years, resulting in $2,181.57 in interest. $2,181.57 + $175,933.42 (fee award) = $178,114.99. $178,114.99 + $885.01 = $179,000.00

### IV. CONCLUSION

The Court finds that Defendant properly calculated interest on the attorneys' fees and properly added additional money to provide for appellate costs. The Court finds Plaintiffs failed to show why they are entitled to an increase.

Therefore,

**IT IS ORDERED** that Defendant's Motion for Appeal Bond (Doc. 233) is **granted**. Defendant shall place a bond in the amount of $179,000.00 with the Clerk of Court according to the procedures required with the Clerk by November 6, 2020. Upon receipt of the bond by the Clerk of Court, the judgment against Defendant shall be stayed pursuant to Rule 62(b).

Dated this 27th day of October, 2020.

Honorable Steven P. Logan
United States District Judge

cc: Finance